



FILED

MAY 16 2014

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA



UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | | |
|---|---|---|
| In re<br><br>Michael Jon Reed,<br><br>Debtor. | ) | Case No. 13-35625-A-13J<br><br>Docket Control No. CA-1<br><br>Date: April 28, 2014<br>Time: 2:30 PM |

**MEMORANDUM**

This Memorandum is the court's findings and conclusions as to the value of the debtor's residence in South Lake Tahoe, California.

In connection with the debtor's effort to confirm a plan, on February 10, 2014, the debtor filed a motion to value his home. The motion is supported by the debtor's declaration which establishes his ownership of the property and that the property is encumbered by two deeds of trust. The senior lien, held by Wells Fargo Bank, secures a claim of approximately $527,000, and the junior lien is held by the respondent to the valuation motion, Golden Valley Mortgage & Realty Services/Tri Valley Investment Fund LLC, hereafter, "Golden Valley." Golden Valley's claim is approximately $37,000.

The debtor also opines in his declaration that the subject property has a value of $500,000. Based on this value and the

amount owed to Wells Fargo Bank, Golden Valley's junior lien is "out of the money" and the application of 11 U.S.C. § 506(a), as interpreted by the Ninth Circuit in In re Zimmer, 313 F.3d 1220 (9th Cir. 2002) and In re Lam, 211 B.R. 36 (B.A.P. 9th Cir. 1997), means that its lien can be "stripped off" the debtor's home and its claim can be treated as an unsecured claim in this case.

The motion also was supported by a declaration from a real estate broker, Tina Thomas, who offered an expert opinion that the value of the home was between $498,000 to $505,000.

Golden Valley opposed the valuation motion, contending that the home had a value of between $635,000. This value is based on the opinion of a local real estate broker, Janin Inman. At this value, there is equity in the property after deducting the amount owed to Wells Fargo Bank. In this circumstance, the debtor cannot utilize section 506(a) to eliminate or reduce Great Valley's secured claim. See Nobelman v. American Savings Bank, 508 U.S. 324 (1993).

In reply to the opposition, the debtor produced an opinion by yet another real estate broker, Veronique Borges. Apparently, Ms. Thomas, the debtor's first broker, was not available to testify. Ms. Borges indicated in her report that the value of the home was in the range of $511,500 to $543,200, but in her opinion its most likely value was $512,400.

Given the conflict in the written valuation evidence, the court conducted an evidentiary hearing. See Fed. R. Bankr. P. 9014(d); Local Bankruptcy Rule 9014-1(g). At the hearing, the only witnesses to testify regarding the value of the home were Ms. Borges and Ms. Inman.

Both of the brokers supported their opinions with comparable sales in the vicinity the debtor's home. Based on the reports prepared by the brokers and their testimony, the court finds and concludes that the value of the subject property is well in excess of $527,000, the amount owed to holder of the senior lien.

The court reaches this result for several reasons.

First, the three comparable sales used by Ms. Borges, include two sales of older homes built in 1980 and 1984. Only one of the comparable sales was for a home built in the same decade as the debtor's home. Ms. Inman's report relies on sales of more recently constructed homes.

Second, Ms. Borges adjusted the value of the debtor's home substantially downward, as much as $50,000, when comparing it to the other sales because the home allegedly backs up to a busy road. Not only did Ms. Inman testify that an adjustment of this magnitude was unwarranted, she indicated that the home was not materially impacted by street noise. And, examination of the aerial picture in Ms. Borges' report showing the locations of the debtor's home and the comparable sales does not corroborate her assertion that the home is located on or near a busy street.

Third, Ms. Borges' appraisal indicates the debtor's home has 2834 square feet. On the other hand, Ms. Inmans' report indicates the square footage is 2955.

Fourth, despite the fact that both brokers testified that the real estate market in South Lake Tahoe is improving and climbing, Ms. Borges selected a value at the low end of her value range, $511,500 to $543,200.

For these reasons, the court found Ms. Borges opinion

unpersuasive.

The motion will be denied.

Dated: 15 May 2014

By the Court

Michael S. McManus, Judge
United States Bankruptcy Court